UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
TC GLOBAL, INC.,                   )   No. C14-0431RSL
                                   )
                 Plaintiff,        )   B.R. Case No. 12-20254KAO
         v.                        )   Adv. Proc. No. 13-01540KAO
                                   )
GLOBAL BARISTAS, LLC,              )   DECISION ON APPEAL
                                   )
                 Defendant.        )
_____)

This matter comes before the Court on Global Baristas, LLC's appeal from an order of the Honorable Karen A. Overstreet, United States Bankruptcy Judge, interpreting a provision of the Asset Purchase Agreement ("APA") between the parties and the subsequent entry of a stipulated judgment in the amount of $564,517.71.[1] The Court, acting in an appellate capacity, reviews the bankruptcy court's legal conclusions *de novo* and its factual determinations for clear error. In re Olshan, 356 F.3d 1078, 1083 (9th Cir. 2004). Mixed questions of law and fact are reviewed *de novo*. Banks v. Gill Distribution Centers, Inc., 263 F.3d 862, 867 (9th Cir. 2001).

Having reviewed the memoranda and appendices submitted by the parties, the Court affirms the summary judgment decision and judgment entered by the bankruptcy court.

---

[1] While Global Baristas retained its right to appeal the issue of whether it had breached the APA, the amount of the judgment was stipulated and is not challenged here.

DECISION ON APPEAL - 1

Section 2.6(b) of the APA provides in relevant part:

> As promptly as practicable after the Closing, but in no event later than thirty (30) days after the Closing, the Buyer shall notify the Seller in writing (the "Post-Closing Statement") of its determination of any proposed adjustments to the Purchase Price under Sections 2.6(a)(ii)(B), (iii), (iv), (v), (iv) [sic], (vii), and (viii) (if any, the "Buyer Adjustment Amounts").

Judge Overstreet correctly concluded that the provision is unambiguous and required Global Baristas to provide written notice regarding its calculations of each adjustment specified in the contract, at which point TC Global would have an opportunity to respond with its own calculations.  See Hearst Commc'ns, Inc. v. Seattle Times Co., 154 Wn.2d 493, 503 (2005). While Global Baristas could have, in its discretion, "determined" that one or more of the adjustments should be $0 or even in its favor, it was not at liberty to ignore the clear requirement that it "notify the Seller in writing . . . of its determination . . . ."  This conclusion is based on the objective and unambiguous manifestations of intent set forth in the contract as a whole, making recourse to extrinsic evidence unnecessary.  The fact that Global Baristas may have thought that the word "shall" was discretionary is irrelevant where the words used show otherwise and fully support TC Global's interpretation of the provision.  Brogan & Anensen LLC v. Lamphiear, 165 Wn.2d 773, 775 (2009) (although extrinsic evidence will sometimes be necessary "to help the fact finder interpret a contract term and determine the contracting parties' intent regardless of whether the contract's terms are ambiguous, . . . the subjective intent of the parties is generally irrelevant if the intent can be determined from the actual words used.").

Because the interpretation of Section 2.6(b) did not turn on extrinsic evidence or require the determination of any factual issues, discovery regarding the subjective intent of the parties or the drafters would have been futile.  Judge Overstreet did not abuse her discretion when denying Global Barista's request for a continuance.  See Burlington N. Santa Fe R.R. Co. v. Assiniboine and Sioux Tribes of Fort Peck Reservation, 323 F.3d 767, 774 (9th Cir. 2003) (affirming trial court's denial of a Rule 56(d) motion where the proposed discovery would be

DECISION ON APPEAL - 2

futile).

For all of the foregoing reasons, the judgment of the bankruptcy court is AFFIRMED.

Dated this 21st day of August, 2014.

*Robert S. Lasnik* (signature)
Robert S. Lasnik
United States District Judge

DECISION ON APPEAL - 3